In the Matter of the WELFARE OF
B.B.B., a.k.a. B.B.K.B., a.k.a.
J.D.B., Child.

No. CO–86–643.

Court of Appeals of Minnesota.

Sept. 30, 1986.

Paul H. Thomsen, Prior Lake, guardian ad litem.

Mirian J. Wolf, Scott Co. Atty.'s Office, Shakopee, for Scott County.

Lawrence Hammerling, Minneapolis, for Mother.

Steven L. Bergeson, Jordan, for Father.

Dennis P. Moriarty, Shakopee, amicus curiae.

Considered and decided by LANSING, P.J., and PARKER and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

This appeal is from an order replacing appellant Paul H. Thomsen as guardian ad litem for the minor child J.D.B. We remand.

## FACTS

Paul Thomsen, an attorney, was appointed by the trial court on July 8, 1983 to serve as Guardian Ad Litem for the minor child J.D.B. in a dependency and neglect petition filed by Scott County Human Services.

On August 21, 1984 J.D.B. was found to be a dependent child within the meaning of Minn.Stat. § 260.015, subd. 6(d) (1984). On March 12, 1986 a review hearing on the dependency of J.D.B. was scheduled. No motions or requests for removal of the guardian ad litem were presented at the hearing.

The following day Thomsen received a phone call from the trial court indicating its decision to remove him as guardian ad litem for the minor child. The decision was apparently made after a private conference with J.D.B.'s foster parents who expressed concern about Thomsen's performance. Thomsen requested a hearing on the question of removal which the trial court granted. (The court indicated to Thomsen that it still planned to remove him before such a hearing was held.) Thomsen subsequently received an order removing him as guardian ad litem.

## ISSUE

May the trial court properly remove the guardian ad litem without first finding facts that he did not act in the best interests of the child?

## ANALYSIS

Thomsen argues that to allow the trial court complete discretionary removal of a

guardian ad litem, without any factual basis given for the removal, impinges on the independent role of the guardian ad litem as advocate for the best interests of the minor child.

Minn.Stat. § 260.155, subd. 4(a) (1984) requires the trial court to appoint a guardian ad litem in every proceeding alleging neglect or dependency of a minor child. The statute provides in part:

(a) The court shall appoint a guardian ad litem to protect the interests of the minor when it appears, at any stage of the proceedings, that the minor is without a parent or guardian, or that his parent is a minor or incompetent, or that his parent or guardian is indifferent or hostile to the minor's interests, and in every proceeding alleging neglect or dependency.

The only apparent limitation in the court's discretion is that the person selected act in the best interests of the child to protect his rights. *See O'Neil v. Swan,* 299 Minn. 206, 218 N.W.2d 457 (1974).

No procedure for removal of a guardian ad litem is included in the statutes.

In *In re Guardianship of Fingerholtz,* 357 N.W.2d 423 (Minn.Ct.App.1984) a petition for removal of a guardian was filed by the grandson of a 83 year old ward. Under the old law governing the matter it was clear that a guardian could not be removed without first allowing him an opportunity to appear before the trial court and show cause why he should not be removed. *See* Minn.Stat. § 525.501 (1971). With adoption by Minnesota of the Uniform Probate Code and subsequent repeal of the old provision a gap was left in the procedures concerning removal of a general guardian. This court turned to the standard supplied by the statute for appointment of a guardian to determine whether removal was appropriate. It stated:

Nonetheless, reference in the above statute [Minn.Stat. § 525.6195 (1982)] to the "best interests of the ward" is consistent with that same standard which is used for determining who should initially be appointed as general guardian. We therefore conclude that a probate court should apply that standard when a party has petitioned for removal of a guardian * * * Although in the present instance the probate court did not specifically refer to the "best interests" of the ward, its finding that there was no valid reason to remove the present guardian logically contains the implication it was in the best interests of the ward to have Cutting remain.

*Id.* at 426.

A similar procedure is applicable here. In its initial appointment of a guardian ad litem the trial court selects an individual whom it determines will best serve the interests of the child. The same standard should also be used in a removal proceeding. Thus, before a guardian ad litem may be removed, a specific finding must be made by the trial court that the guardian has not acted in the best interests of the child.

The next issue raised is when the hearing for removal should be provided. Here the trial court indicated that it would allow a hearing on the issue of removal, but that pending such a hearing Thomsen would be replaced.

A post-removal hearing sufficiently protects the removed guardian ad litem from an arbitrary decision by the trial court. The court, also charged with protection of the minor child's rights, must be afforded the flexibility to take immediate action if the child's rights are endangered by the guardian ad litem's neglect or improvident actions.

**DECISION**

Pending a hearing, the court may remove the guardian ad litem if the child's rights are endangered by the conduct of the guardian ad litem. However, the trial court shall, after a hearing, be required to specify its reasons for removal of a guardian ad litem.

Remanded.